(64 App. Div. 373.)

POWERS v. DE O.

(Supreme Court, Appellate Division, Second Department.   October 4, 1901.)

1. LANDLORD AND TENANT—DISPOSSESSION—AGENT OF LANDLORD.

Under Code Civ. Proc. § 2235, authorizing an application to dispossess tenants for nonpayment of rent to be made by the landlord or his agent, the proceedings may be entitled and the precept issued in the agent's name.

2. SAME—NOTICE.

Under Code Civ. Proc. § 2231, providing that a tenant may be removed for nonpayment of rent on notice served on him in behalf of the person entitled to the rent, a notice signed by the agent of such person is sufficient.

3. SAME—PRECEPT—SUFFICIENCY.

Under Code Civ. Proc. § 2238, declaring that the precept in proceedings to oust a tenant for nonpayment of rent must be returnable not less than three, nor more than five, days after it is issued, a precept dated as of six days before made returnable, by reason of a clerical error, but actually issued three days before, is sufficient.

Appeal from Westchester county court.

Action by Thomas J. Powers, Jr., against V. Activo De O to recover the possession of real estate.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Nathan P. Bushnell, for appellant.

Marvin R. Smith, for respondent.

HIRSCHBERG, J.   On the hearing before the justice of the peace, the defendant made defense upon technical points only, and the decision of the justice appears to be fully justified by the law and facts.   The final order granted in favor of the petitioner as agent, awarding possession of the lands of his principal, then in the possession of the respondent as tenant, has been reversed in the county court.   No opinion was written on such reversal, and we are accordingly unaware of the grounds of that court's action.   The points presented by the respondent appear untenable, and we are unable to discover any flaw in the proceedings tending to vitiate the order granted by the magistrate.

The main question urged is that the proceedings cannot be maintained in the name of the agent of the landlord.   Section 2235 of the Code of Civil Procedure expressly authorizes the agent of the landlord to make the application for the removal of the tenant, and in Case v. Porterfield, 54 App. Div. 109, 66 N. Y. Supp. 337, we held that this authority included the right to entitle the proceedings and to issue the precept in the agent's name.   The logic of that decision requires us to hold, also, that the notice in this case was a sufficient compliance with the requirements of section 2231, although signed by the agent.   See, also, People v. Stuyvesant, 1 Hun, 102, 107; Reeder v. Sayre, 70 N. Y. 180, 188, 26 Am. Rep. 567.   The evidence sufficiently establishes the actual agency of the petitioner, and a prima facie case was made out, warranting the relief granted.

It is claimed that the precept was void because dated more than five days before its return. It was returnable December 14th, and dated December 8th. But it was actually issued on December 11th, the day on which the petition was verified, and the date was a clerical error. The language of the Code (section 2238) is that "the precept must be returnable not less than three nor more than five days after it is issued," and the precept in question complied with that condition.

The other objections urged do not require discussion.

The judgment should be reversed, and the possession of the property should be awarded to the landlord, in accordance with the justice's order, with costs. All concur.