### MOORE v. COUGHLIN.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS —STATUTORY PROVISIONS.

    While at common law, to maintain summary proceedings to remove a tenant for nonpayment of rent, the landlord must show that he had demanded the precise sum due, and upon the premises, if the proceeding

was founded upon a demand, such strictness is not required by statute, but under the express provisions of Code Civ. Proc. § 2231, subd. 2, a tenant of real property may be removed therefrom by summary proceedings by the landlord, where he holds over after a default in payment of the agreed rent, and demand has been made therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 1284–1291.]

2. SAME—DEMAND FOR RENT BY AGENTS.

A demand for rent made by the landlord's agent is sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1286.]

3. SAME—REPAIRS—AGREEMENT OF LANDLORD TO MAKE REPAIRS—BREACH.

If, before the execution of a written lease, the lessor orally promised to make repairs on the premises, to be completed before the commencement of the term, and the tenant took possession at the commencement of the term with knowledge that the repairs had not been made, he could not counterclaim for damages therefrom in an action to dispossess him for nonpayment of rent; since, if there was a breach of contract, it occurred before he went into possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 114, 553, 1280.]

4. SAME—ORAL AGREEMENT—MERGER IN LEASE.

Such oral agreement would have been merged in the written lease.

5. SAME—COVENANTS AS TO REPAIRS—INJURY TO PREMISES BY FIRE.

It was expressly covenanted in a lease that the landlord was to make no repairs or improvements on the premises, and that, if the building should be destroyed or injured by fire so as to become untenantable, the lease should thereby become terminated if the tenant should so elect, in which case he should vacate and give immediate notice to the landlord. Laws 1896, p. 589, c. 547, § 197, gives the tenant a similar right to surrender the premises under such circumstances. The premises were injured by fire, and the tenant did not vacate, and made the repairs himself. *Held*, that he continued the tenancy, and remained liable for rent, and could not recover for the cost of the repairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 777, 778.]

Appeal from Onondaga County Court.

Summary proceeding by John Moore against Owen J. Coughlin to recover possession of demised premises for nonpayment of rent. From a judgment of the County Court affirming a final order awarding plaintiff possession of the premises, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ernest I. Edgcomb, for appellant.
Charles P. Ryan, for respondent.

SPRING, J. The respondent leased to the defendant by a written lease dated May 1, 1907, for the term of two years, at the monthly rental of $45, the house and premises located at No. 706 James street, in the city of Syracuse, and the defendant at once went into possession in pursuance of the lease. The lessor in December, 1907, commenced this summary proceeding in the Municipal Court of the city of Syracuse to eject the defendant for the nonpayment of rent. The defendant answered, alleging defenses and counterclaims.

In the first place, the defendant claims there was no proper demand

of the rent due. The demand was made by Mr. Ryan, the attorney for the respondent, and he demanded the sum of $135, or three months' rent, which was concededly the amount due, except for counterclaims interposed. Upon the trial the defendant claimed that he had expended money during his occupancy for putting in a furnace to heat the house. This item was in dispute, and the parties, after the trial, stipulated that the amount due the defendant for the installation of this furnace was $80, and the Municipal Court found $55 rent due after the deduction of this sum. In the strict practice which prevailed at the common law it was essential for the petitioner, in order to maintain summary proceedings to remove the tenant for nonpayment of rent, to show that he had demanded the precise sum due, and upon the premises if the proceeding was founded upon a demand. The strictness of this rule is not contained in the Code (Code Civ. Proc. § 2231, subd. 2). In fact, where any rent is due and the tenant refuses to pay, the landlord is entitled to the final order and warrant of dispossession. Jarvis et al. v. Driggs et al., 69 N. Y. 143, 147; Durant Land Imp. Co. v. Thomason-Houston Electric Company, 2 Misc. Rep. 182, 21 N. Y. Supp. 764. The defendant did not offer to pay any rent. He claimed more his due than the amount of the rent, and therefore refused to pay. The demand made by Ryan, the attorney and agent of the plaintiff, was effective in his behalf. Powers v. Deo, 64 App. Div. 373, 72 N. Y. Supp. 103.

The defendant alleged in his answer for his first counterclaim that on the 1st day of April, 1907, a month before the making of the lease, an independent contract had been made whereby the plaintiff agreed to make certain repairs upon the premises which were to be completed before the commencement of the term; that he failed to do so, and damages ensued to the defendant on account of such failure. It will be noted there is no allegation that the defendant ever made these repairs. In support of this averment, the defendant endeavored to show an agreement, like that alleged, was entered into on the day the lease was made, which was excluded. The counsel for the defendant thereupon stated to the court that he expected "to show that there was an independent oral contract made at this time for the making of certain repairs in this house which was to be done before the lease took effect; that is, before the 1st of May, 1907." The court suggested that he put it in the form of a question, which he did, as follows:

"Did you have any conversation with Mr. Moore (the plaintiff) in regard to this propery or anything to be done upon the property after the signing of the lease and before you moved in?"

This was excluded. The ruling was correct. The defendant entered the premises knowing that the repairs had not been made. If there was any breach of the contract, it occurred before he went into possession. In the second place, he made no repairs. He is not seeking to recover damages for money he expended. His damage or counterclaim is wholly for damages by reason of the omission of the respondent to make repairs before the term commenced. In the third place, if the alleged independent contract was prior or at the time of the execution of the lease, it was merged in the written instrument.

During the tenancy and in the month of October, 1907, there was a fire in the living room of the house on the premises which burned a large hole in the floor, and did other damage to the woodwork of this room and connecting rooms. The defendant requested the landlord to repair, which he finally declined to do. The defendant endeavored to show that he repaired the hole and the damaged woodwork evidently for the purpose of establishing the counterclaim contained in the fourth paragraph of the answer. The evidence was excluded and the ruling was proper. If these were ordinary repairs, not equivalent to an eviction of the premises, the landlord was not bound to make them, for it was expressly covenanted in the lease that he was "to make no repairs or improvements on the premises." If, however, as we may assume, the damages rendered the premises untenantable, they were provided for in another clause of the lease, as follows:

"It is hereby further mutually covenanted and agreed that, in case the buildings or tenements on said premises shall be so destroyed or injured by fire as to become untenantable, then this lease shall become thereby terminated, if said second party shall so elect, and in such case he shall vacate said premises, and give immediate written notice thereof to said landlord, and in such case rent shall be due and payable up to and at the time of such destruction or injury."

The defendant, if the premises were made untenantable, could have vacated them, and absolved himself from any liability for rent accruing after his surrender. Section 187, p. 589, c. 547, Laws 1896; May v. Gillis, 169 N. Y. 330, 62 N. E. 385. The defendant elected, however, to make the repairs and remain in possession, and, of course, continued liable for rent, and to recognize the lease. Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362. The landlord in no case was called upon to make the repairs, and, when he declined to do so, he was strictly within his legal rights. He might have lost a tenant had the defendant availed himself of his option to terminate the lease, and he might have ·been obliged to repair the damages before securing another tenant, but not in pursuance of this lease. The defendant had either of two courses open to him, and availed himself of the one which continued the tenancy; and, if he made the repairs, he did so of his own choice, and cannot hold the landlord for the cost of the same.

The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.