SASSE et al. v. COHEN.

(Supreme Court, Appellate Term.   April 8, 1911.)

LANDLORD AND TENANT (§ 297*)—UNLAWFUL DETAINER — SUMMARY PROCEEDINGS—DEMAND AND NOTICE.

Under Code Civ. Proc. § 2231, providing for removal of tenants where they hold over after default in rent, after a demand therefor, or at least three days' notice in writing, requiring the payment of the rent or possession of the premises, where the only proof of demand or notice was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the landlord asked some unidentified man, not the tenant, but who was with tenant's attorney, for the rent, such demand and notice are insufficient to support summary proceedings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. § 297.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Sasse and another, landlords, against John Cohen, tenant. From a final order, in summary proceedings, of the Municipal Court in behalf of the landlords, the tenant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Michael Kaufman, for appellant.

Herman Elfers, for respondents.

LEHMAN, J. The landlords have obtained a final order in summary proceedings for nonpayment of rent, without proof of any demand or notice, as required by subdivision 2 of section 2231 of the Code, except that he testified that he asked some unidentified man, not the tenant, but who was with the tenant's attorney, for the rent. Obviously such proof is entirely nugatory. The trial justice gave judgment for the landlords, on the authority of Moore v. Coughlin, 127 App. Div. 810, 111 N. Y. Supp. 856. That case decided only that:

"In the strict practice which prevailed at the common law, it was essential for the petitioner, in order to maintain summary proceedings to remove the tenant for nonpayment of rent, to show that he had demanded the precise sum due, and upon the premises, if the proceeding was founded upon a demand. The strictness of the rule is not contained in the Code. In fact, where any rent is due, and the tenant refuses to pay, the landlord is entitled to the final order and warrant of dispossession."

While the strictness of the practice as to the demand has been relaxed under the Code procedure, a demand and refusal is still a condition precedent to the maintenance of the proceedings.

The order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.