■ NORWICH REALTY AFFILIATES, INC., Appellant, v. IRVING H. RAPPAPORT, Respondent.— GIBSON, P. J. Appeal by petitioner from a judgment of the County Court of Chenango County which dismissed the petition and, also, the counterclaims set forth in the answer, in a proceeding to remove a tenant from leased store premises, for nonpayment of rent. The sole ground of the court's decision was its finding that a "constructive partial eviction" occurred by reason of the landlord's failure to make roof repairs in accordance with the provisions of the lease, with the result that water leaked upon an area which, according to the tenant's testimony, embraced some eight square feet of his total floor space of 2,500 square feet. Respondent does not attempt to sustain the judgment upon the ground assigned by the trial court; there being no indication whatsoever that the supposed interference with the tenant's possession and enjoyment of the premises was substantial or, indeed, anything but de minimis; and the tenant having neither abandoned the premises nor continued to pay rent while seeking damages (see Herstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117, 120-121, mot. for rearg. den. 4 N Y 2d 1046; 33 N. Y. Jur., Landlord and Tenant, § 170; 1 New York Law of Landlord and Tenant, § 253). The tenant testified that he had not attempted to compute his damages and the trial court found none. We perceive no legal infirmity sufficient to warrant reversal in the subscription of the statutory three-day notice by the corporate landlord's president and agent, well known by all concerned to be such, rather than in the name of the corporation; and there is no suggestion that anyone was prejudiced or misled. (See Real Property Actions and Proceedings Law, § 721, subd. 8; Powers v. De O., 64 App. Div. 373.) We find respondent's additional contentions similarly lacking in merit. The relief sought by the petition should have been granted. Judgment reversed on the law and the facts, without costs, and matter remitted to the County Court for further proceedings in accordance herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.