OPINION OF THE COURT
Peter Tom, J.
Respondent moves in this motion to dismiss the petition for nonpayment of rent on the ground that petitioner’s three-day notice for rent is jurisdictionally defective.
The predicate notice of this nonpayment proceeding was signed by the landlord’s attorney. The notice provides that "if payment of rent arrears in the sum of $10,459.19 is not made *210 within three days or if the tenant does not surrender possession, the landlord will commence a summary proceeding to recover possession of the premises.” The notice is signed by "Alan D. Kucker, attorney for the landlord.” Respondent has never dealt with the landlord through this attorney in the past.
Respondent, a rent-controlled tenant, contends that the three-day notice signed by the attorney is jurisdictionally defective since it was not accompanied by written proof of authorization and respondent has no personal knowledge of the attorney’s authority.
The issue of whether a three-day notice for rent executed by an attorney must be accompanied by written proof of authority signed by the landlord is one of apparent first impression. This issue shall be addressed in conjunction with the ruling in Siegel v Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792).
The Court of Appeals in affirming the Appellate Division in Siegel v Kentucky Fried Chicken (supra) held that notices of default and of termination of tenancy signed by an attorney not named in the lease and with whom the tenant had never previously dealt were legally insufficient and could be ignored by the tenant.
The ruling in the Kentucky Fried Chicken case (supra) which dealt with a commercial tenant has been applied to residential cases. The ruling has been applied to a notice of nonrenewal required under the Rent Stabilization Code (9 NYCRR 2523.5 [a]; 2524.2 [a], [b], [c] [2]) and a notice of termination of a monthly tenancy under Real Property Law § 232-a. (615 Co. v Mikeska, NYLJ, Mar. 16, 1987, at 39, col 1 [App Term, 1st Dept]; Whitefriars E. Co. v Labyrinth Data Processing Enters., 132 Misc 2d 668.)
The ruling in Kentucky Fried Chicken (supra) has been applied to notices in summary holdover proceedings but it has never been applied to a predicate notice in a summary nonpayment proceeding.
RPAPL 711 provides in relevant part: "2) The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served upon him as prescribed in section 735.”
*211 Although RPAPL 711 (2) does not set forth specific requirements of a proper demand, the courts have held that the minimum requirements of a proper demand shall include the particular period rent is due and the approximately good-faith sum of rent owed for the particular period. (Severin v Rouse, 134 Misc 2d 940, 944, and the cases contained therein; 2 Rasch, New York Landlord & Tenant — Summary Proceedings § 32:16 [3d ed].)
The provisions of section 711 (2) also do not set forth who may serve the notice on behalf of the landlord in the event that the landlord does not personally make the demand but it has been recognized as legally sufficient that either the landlord or his authorized agent may make such a demand. (2 Rasch, New York Landlord & Tenant — Summary Proceedings § 32:20 [3d ed].) However, a notice for rent sent by an attorney or agent of the landlord where authority is unknown to the tenant must also meet the minimum requirements as expounded in Siegel v Kentucky Fried Chicken (supra).
A three-day notice in a nonpayment proceeding under RPAPL 711 (2) is similar to its counterpart of a notice to cure or a notice of default in a holdover proceéding in that both notices place the tenant on notice of the default and if not cured within a specified time, the landlord will take action to recover possession of the premises. The failure of a tenant to comply with a notice to cure leads to the termination of the tenancy and the commencement of a holdover proceeding. The failure to comply with a three-day notice results in the commencement by the landlord of a nonpayment proceeding. In both instances, the tenant has an opportunity to cure the default even after a final judgment of possession has been entered in favor of the petitioner (RPAPL 753 [4]; 732 [2]; 22 NYCRR 208.42 [d]; RPAPL 751 [1]). The similar function of the two notices is persuasive to apply the holding in Kentucky Fried Chicken (supra) to the three-day notice in this case.
The reasoning which ultimately leads this court to apply the ruling in the Kentucky Fried Chicken case (supra) to a predicate notice in a nonpayment proceeding is the same rationale used by the Appellate Division in reaching its decision. Thus, since the tenant is placed on such a short notice to pay the rent demanded whether it is in dispute or not, or to vacate the premises, he is entitled to know the requisite authority of the agent of the landlord so that he may make a rational decision as to whether to make prompt payment or to take other measures.
*212 The Appellate Division in Siegel v Kentucky Fried Chicken (supra, at 220, quoting Reeder v Sayre, 70 NY 180, 187-188) held that since " '[t]he tenant is [required] to act upon [such] notice at the time it is given * * * it ought to be such a one as he can act upon with safety’
In the present case, the authority of the attorney of petitioner becomes suspect since the tenant has never dealt with this attorney as the agent for petitioner. Petitioner’s attorney is a total stranger to respondent. In a prior nonpayment proceeding brought by petitioner’s predecessor in interest against respondent the landlord was represented by a different attorney. The notice demands rent from October 1, 1987 through July 31, 1989 in the sum of $10,459.19. The amount of rent demanded by petitioner has been in dispute between the parties for an extended period of time and the parties are presently awaiting a determination from the Office of Rent Administration as to the legal rent of this apartment. Respondent does not know whether petitioner has decided to abandon the proceeding before the Rent Administration and to pursue its remedy in this case.
Further, this court finds that the tenant is entitled to know, as a matter of law, whether the landlord has actually empowered the agent with the authority to serve such a notice since the tenant has privity only with the landlord. In the event the landlord authorizes an agent to serve a three-day notice on its behalf and the authority of the agent is unknown to the tenant, the notice must be accompanied with a written authorization signed by the landlord before the tenant is required to act upon the notice.
Petitioner cites Powers v De O (64 App Div 373) and Moore v Coughlin (127 App Div 810) in support of its contention. Those cases held that a notice for rent signed by an agent of the landlord in a nonpayment proceeding is valid.
The holding in those cases should not be applied as a blanket rule and should be qualified in light of the change in statutory and case law after those rulings were made.
In Powers v De O (supra), the court sustained the validity of the notice for rent signed by the landlord’s agent based on section 2235 of the Code of Civil Procedure (now the CPLR) which authorized the application to dispossess the tenant for nonpayment of rent to be made by the landlord or his agent, *213 and that precept may be issued in the name of the agent. The ruling in Moore v Coughlin (supra) was also reached under such legal basis. The provisions of section 2235 were later incorporated in RPAPL 721 (former [8]) which authorized an attorney or agent of the landlord to recover possession of real property. However, RPAPL 721 was amended in 1977 to specifically exclude an attorney or agent from bringing a summary proceeding on behalf of the landlord to recover possession of real property (L 1977, ch 247).
Since the attorney or an agent can no longer bring a summary proceeding in their own name on behalf of the landlord, the demand for rent made by the attorney or agent cannot be automatically deemed a valid predicate of a nonpayment proceeding as held in the Powers and Moore cases (supra).
The court further finds that petitioner’s contention that the ruling in the recent case of Pamela Equities Corp. v Fattore (NYLJ, Apr. 20, 1989, at 23, col 2 [App Term, 1st Dept]) supports the validity of its notice, to be without merit. In the Pamela Equities case, the Appellate Term held that the notice to cure and notice of termination signed by the registered managing agent of the multiple dwelling were sufficient and valid since the authority of the managing agent is designated in writing by the owner for the maintenance and operation of the building and their identity is a matter of public record.
In the present case, we do not have a registered managing agent who executed the notice but the attorney of the landlord whose authority is unknown to the tenant. In the Pamela case (supra, at 23, col 2) the court specifically provided that, "The notices given here are to be distinguished from those situations where an attorney unknown to the tenant has given termination notices without proof of authority”. The ruling in the Pamela Equities case supports respondent’s contention in this proceeding.
A three-day notice for rent pursuant to RPAPL 711 (2) is the prerequisite notice to commence a summary nonpayment proceeding. Since petitioner’s notice is jurisdictionally defective it cannot serve as a predicate for the instant proceeding.
Accordingly, respondent’s motion is granted and the petition is dismissed.