Wolcott agt. Schenk.

---

## SUPREME COURT.

### CHARLES M. WOLCOTT agt. SAMUEL B. SCHENK.

Before any proceedings can be taken to remove a *tenant*, (where the relation of landlord and tenant exists,) from the demised premises pursuant to the act entitled "summary proceedings to recover the possession of lands," &c, (2 *R. S.* 755,) it is incumbent on the landlord to establish three additional facts by the affidavit upon which the proceedings are founded :

1. That the rent reserved in the le se has become due and payable. 2. That its payment has been duly demanded. And 3. That default has been made in its payment. These facts must be properly stated, or the officer has no power to proceed.

Wolcott agt. Schenk.

When there is a personal covenant of the lessee for the payment of the rent, a demand of payment from him personally, either upon the land or elsewhere, will doubtless be a good demand within the meaning of the statute.

In this case, the affidavit of the landlord stated that " the sum of $350 was due and payable on the 24th day of September instant; that deponent on that day demanded said rent at the usual place of business of said Schenk, in the town of Fishkill, of his agent, who informed him that said rent could not be paid." *Held,* that the affidavit was radically defective, and wholly insufficient to support the landlord's proceedings. The demand was made at the lessee's *usual place of business,* not on the premises, and of his *agent,* without saying who the agent was, or what was the nature of his agency.

Restitution of the premises may be awarded to the tenant, although the lease contains a covenant that upon failure to pay the rent at the time appointed, the estate of the lessee, and all his interest in the demised premises should from thenceforth cease and be absolutely void. Such a covenant does not determine the estate of the lessee and make it absolutely void. It becomes by the omission to pay the rent voidable at the option of the lessor, for whose exclusive benefit it applies, and a proper demand and refusal to pay must be shown to void it.

T. McKissock, *for the relator.*
J. J. Monell, *for defendant.*

Brown, Justice.    Samuel B. Schenk was removed from the possession of certain premises at Fishkill, in the county of Dutchess, by virtue of proceedings had before the county judge of that county, upon the application of Charles M. Wolcott.    The relation of landlord and tenant existed between them by virtue of the lease of the date of the 24th of March, 1857.    Before any proceedings could be taken to remove the tenant from the demised premises, pursuant to the act entitled ' summary proceedings to recover the possession of lands," &c., (2 *Rev. Stat.* 755,) it was incumbent on the landlord to establish three additional facts by the affidavit upon which the proceedings were founded.    1. That the rent reserved in the lease had become due and payable.    2. That its payment had been duly demanded.    And 3. That default had been made in its payment.    If the affidavit omitted to state, or stated insufficiently either of these facts, the judge or officer had no power to proceed.

The right to re-enter for the non-payment of rent, both at the

common law and in pursuance of the statute, is a matter *stricti juris*, and whoever asserts it, must see that every prerequisite to its exercise, is exactly performed. It is a right which the law will enforce but will not favor. The statute requires that " a demand of such rent shall have been made," and it uses this expression in the sense in which it is used at the common law. We shall see what constitutes a good demand, by reference to some of the old authorities. " A material difference subsists between a remedy by re-entry and a remedy by distress, for the non-payment of rent. Where the remedy is by way of re-entry for non-payment, an actual demand must be made previous to the entry, otherwise it is tortious and trespass would lie, because a condition of re-entry is in derogation of the grant. And the estate at law being once defeated, is not restored by any subsequent payment, but a notice of distress is itself a demand." (*Shep. Touch.* 148, *n.* 1.) " Rent reserved payable yearly, is to be paid on the land, because the land is the debtor, and that is the place of demand appointed by law. So if a man leases rendering rent, and the lessee binds himself in a sum to perform the covenants, this does not alter the place of payment of the rent, for it may be tendered on the land without seeking the obligor." (*Co. Lit.* 201 *b.*) This is upon the principle that rent is a profit issuing out of lands and tenements corporeal. " Where a condition of re-entry is reserved for non-payment of rent, several things are required by the common law to be previously done by the reversioner to entitle him to re-enter. 1. A demand must be made of the rent. 2. The demand must be of the precise rent due, for if a penny more or less be demanded, it will be ill. 3. It must be made precisely upon the day on which the rent is due and payable by the lease, to save the forfeiture, as when the proviso is, that if the rent shall be behind and unpaid by the space of thirty or other number of days, after the days of payment, it shall be lawful for the lessor to re-enter. A demand must be made on the thirtieth or other last day. 4. It must be made at a convenient time before sunset. 5. It must be made upon the land and at the most notorious place of it,

unless a place be appointed where the rent is payable, in which case the demand must be made at such place. 7. A demand must be made in fact, and so averred in pleading, although there should be no person on the land ready to pay it." (1 *Saund.* 287, *n.* 16.)

These authorities show the strictness required whenever the reversioner attempts to enforce his rights of re-entry for the non-payment. Where there is a personal covenant of the lessee, as in this case, for the payment of the rent, a demand of payment from him personally, either upon the land or elsewhere, would doubtless be a good demand within the meaning of the statute. In the case of *Rogers* agt. *Lynde,* (14 *Wendell,* 172,) the affidavit upon which the summons was issued, stated that the agent of the landlord went upon the demised premises and demanded payment of the rent, but omitted to state of whom the demand was made. The court held, that inasmuch as it appeared the demand was made upon the premises, it would infer that it was made of the tenants in possession, which would be sufficient. In the present case, the affidavit of the landlord states, that "the sum of $350 was due and payable on the 24th day of September instant, that deponent on that day demanded said rent at the usual place of business of said Schenk, in the town of Fishkill, of his agent, who informed him that said rent could not be paid." The demand was not made of the lessee personally, nor was it made upon the demised premises. It was made at the lessee's usual place of business, and of his agent, without saying who the agent was or what was the nature of his agency. The person of whom the demand was made, may have been the lessee's agent for a special purpose, or for many purposes, without having any care over or connection with the demised premises, or any duty or authority in regard to their occupation or the payment of the rents to accrue therefor. The usual place of a man's business, is a term of very significant import in the law merchant. And had the thing demanded been the payment of a bill of exchange or a promissory note, the place of demand would have been unexceptionable.

Wolcott agt. Schenk.

But the law of real property, the rights of landlords and tenants, the rules by which estates are forfeited, divested and confirmed, stand upon other grounds, and have their origin in a different class of principles. The affidavit in the particulars to which I have adverted, is radically defective, and wholly insufficient to support the landlord's proceedings. What is subsequently stated, does not supply the omission or cure the defect. Read in the most favorable point of view for the landlord, it amounts to no more than hearsay, and information derived from others that the tenant admitted the rent had been demanded and he had refused to pay it.

It is insisted, however, by the counsel for the landlord, that there can be no restitution of the premises awarded, because there is a covenant in the lease that upon failure to pay the rent at the time appointed, the estate of the lessee, and all his interest in the demised premises, should from thenceforth cease and be absolutely void. The effect of such a covenant, is not I think, to determine the estate of the lessee, and make it absolutely void. It becomes by the omission to pay the rent, voidable at the option of the lessor. Any other rule would enable the lessee to take a benefit from his own wrong. The forfeiture of the estate which may follow the default in the payment of the rent is a provision for the exclusive benefit of the lessor. He may release it or waive it by the acceptance of the rent or any other equivalent act, or he may affirm the estate of the lessee by omitting to demand payment of the rent, and to follow up such demand by the necessary measures to perfect his right of re-entry, and resume his former estate in the premises. (*Clark* agt. *Jones,* 1 *Denio,* 516, *and the authorities there referred to.*)

Nothing appears upon the face of the record to show that the rent has been demanded and payment refused. I cannot therefore say that the estate of the lessee has become forfeited.

The proceedings are reversed, and restitution awarded to the tenant with costs.