## THE PEOPLE, *ex rel.* SIMON, *vs.* GROSS.

50b 231
11ap265

The *demand* of rent, mentioned in the statute relating to summary proceedings to recover the possession of land, (3 *R. S.* 5th ed. 836, § 28, *subd.* 2,) as distinguished from the *notice* in writing, means a *personal demand*.

The *notice* in writing, required by the statute when there is no personal demand, should be in the alternative, and should require the payment of the rent, " or [in the words of the statute] the *possession* of the premises."

CERTIORARI to remove summary proceedings to recover the possession of land, for the non-payment of rent, from a justice of the district court in the city of New York.

*By the Court,* SUTHERLAND, J.   It is plain that the written notice demanding or requiring the payment of the rent, which was affixed on the entrance door of the demised premises, was defective.

A summary proceeding for the recovery of the possession of premises for the non-payment of rent may be instituted when or where (I quote the words of the statute, 3 *R. S.* 5th ed. 836, § 28, *subd.* 2,) " a demand of such rent shall have been made, *or three days' notice in writing requiring the payment of such rent or the possession of the premises,*" shall have been served in the manner prescribed by the statute.

The demand mentioned in the statute as distinguished from the notice in writing, means, no doubt, a *personal demand.* In this case there was no personal demand, but there was a written notice affixed on a part of the premises. This written notice was addressed to the tenant and signed by the landlord, and was in these words :   " Please to take notice that I demand of you the rent of premises No. 196, Franklin street, in said city, amounting to the sum of three hundred dollars, for the months of July, August and September, 1867. N. Y. October 1, 1867."

The notice was defective in omitting the statutory words, " or the possession of the premises."

The evident construction of the statute is, that the notice in writing, when there was no personal demand, should be in the alternative, and should require the payment of the rent or *the possession* of the premises.

The proceedings before the magistrate should be reversed, with costs.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Peckham,* and *Sutherland,* Justices.]