### TOLMAN v. HEADING.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PROOF OF NOTICE.

In a summary proceeding, plaintiff claimed to have served his tenant with the three days' notice required by law. The evidence of service was as follows: "Did you serve a notice upon him to pay, or surrender the premises?" "I did." "What was the notice?" "That he should pay within three days, or surrender the premises; I think that is it." *Held*, that the proof of notice was defective, and the service not in compliance with Code Civ. Proc. § 2240, which requires it to be made by delivering a copy of the precept to the person to whom it is directed, and at the same time showing him the original, or by delivering a copy thereof at his dwelling house, to a person of suitable age, or, if it cannot be made in either of these ways, then by affixing a copy to a conspicuous part of the property.

Appeal from order of Clinton county judge.

Proceeding by Andrew G. Tolman against Mark L. Heading for the possession of leased premises. From an order directing the issuing of a warrant for the removal of defendant from the premises in question, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Wheeler & Woodward, for appellant.

R. Corbin, for respondent.

PARKER, P. J. In order to maintain this summary proceeding, and to become entitled to an order removing the defendant, Head-

ing, from the premises in question, it was incumbent upon the petitioner to prove either that he had demanded from Heading the rent which was due, or that he had served upon him, in behalf of the persons to whom the rent was due, at least three days' notice in writing, requiring the payment of the rent or the possession of the premises. See Code Civ. Proc. § 2231, subd. 2. And the proof should also have shown that such notice was served in the manner required by that section. The demand required by such section is a personal demand; that is, one made to the tenant personally, and for the payment of the rent absolutely, as distinguished from the three days' notice to pay, or surrender possession of the premises. People v. Gross, 50 Barb. 231. There is no proof that any such demand was made on this defendant, and the petitioner is not proceeding upon that theory. His claim is that the three days' notice required by the statute was given, and the question is whether proof of the proper service of such a notice has been made. The only proof offered upon that subject is the evidence of the petitioner to the following effect: He is asked, "Did you serve a notice upon him to pay, or surrender the premises?" Answer: "I did." "You preserved no copy of the notice you served upon him?" Answer: "No, sir." "What was the notice?" Answer: "That he should pay within three days, or surrender the premises; I think that is it." These answers were taken under the objection that such evidence was incompetent, and that the notice itself was the best evidence of its contents. Conceding that, under the circumstances of this case, parol evidence of the contents of the notice was properly given (Edwards v. Bonneau, 1 Sandf. 610), and conceding that the notice, as described by the witness, was sufficient in form, and contained all that the statute requires, which is very doubtful, nevertheless his proof as to the service of such notice is fatally defective. Such notice is required by the statute to be served as a precept is served. Section 2240 of the Code provides how that is to be done: If served personally, a copy of the notice should have been delivered to defendant, and at the same time the original should have been shown him; if defendant was absent from his dwelling house, then by leaving a copy with some person of suitable age and discretion residing there, or, if none resides there, with such a person employed there; or, if neither of these services could with reasonable diligence have been made, by affixing a copy of the notice upon a conspicuous part of the property. Which of these three methods was adopted in this case? Or was either of them adopted? There is no proof whatever upon that subject. The petitioner says he served it. What his idea of service was does not appear. He may have read the notice to defendant, and called that a service. The defendant has denied by his answer that any notice was served or demand made upon him. The burden was therefore put upon the petitioner of proving, by competent evidence, either a personal demand of the rent, or a service in the manner required by section 2240. These proceedings are statutory, and must be strictly followed. Miner v. Burling, 32 Barb. 540; Bloom v. Huyck, 71 Hun, 256, 25 N. Y. Supp.

7.  It was not incumbent upon the defendant to show that he had received no such demand or notice.  It was one of the facts which the petitioner must establish, to bring himself within the provisions of the statute, and to become entitled to the warrant which he asked.  This he failed to do.  Upon the close of the evidence, the objection was squarely taken by defendant that such proof had not been made; and we are of the opinion that, for such reason, the proceedings should have been dismissed.  Posson v. Dean, 8 Civ. Proc. R. 177; People v. Keteltas, 12 Hun, 67.

Order appealed from reversed, with costs; the warrant of removal vacated; and an order made awarding restitution to the defendant herein.  All concur.