(23 Misc. Rep. 645.)

## ZINSSER v. HERRMAN et al.

### (Supreme Court, Appellate Term.  June 6, 1898.)

SUMMARY PROCEEDINGS—DEMAND FOR RENT—SUFFICIENCY.

   A demand of rent, in order to lay a basis for a proceeding for the summary removal of a tenant after default in payment, under Code Civ. Proc. § 2231, subd. 2, must be made upon the tenant personally, and merely sending him a bill by mail will not suffice.

Appeal from First district court.

Action by August Zinsser, Jr., as executor of Emil Noeggerath, deceased, against John G. Herrman and Augusta Herrman.   From a final order, defendants appeal.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benno Loewy, for appellants.
E. Ormonde Power, for respondent.

BEEKMAN, P. J.   This proceeding was instituted for the purpose of dispossessing the appellants from the demised premises on the ground that they held over and continued in possession thereof, without the permission of the landlord, after a default in the payment of rent which became due on the 1st day of January, 1898.   Upon the return day of the precept the appellants appeared by counsel, and interposed an answer to the petition, which, among other things, denied that said rent had been demanded personally of the tenants or of either of them, or that any demand whatsoever had been made for the same upon them or either of them, or that three days' notice in writing, requiring in the alternative the payment of the rent or the possession of the premises, had been served upon the tenants or either of them, as prescribed by law.   It is unnecessary for us to consider any of the other objections which have been made to the regularity of the proceedings, in view of the conclusion to which we have come that the point which we have specifically stated is well taken.   Section 2231 of the Code of Civil Procedure provides, among other things, that a tenant may be removed from the demised premises (subdivision 2), where he holds over without permission of the landlord, "after a default in the payment of rent pursuant to the agreement under which the demised premises are held, and a demand of the rent has been made, or at least three days' notice in writing, requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served, in behalf of the person entitled to the rent, upon the person owing it, as prescribed in this title for the service of a precept."   It is not claimed in the present case that the three-days notice in writing above provided for was ever given, the respondent relying upon what he claims was an unqualified demand of the rent,—a demand

which, in the petition upon which the precept was issued, he states
was a personal one upon the tenants.    His allegation in this regard,
however, was entirely unsupported by any evidence.    It appears that
it was the practice of his agent, whenever rent became due from his
tenants, to send to them by mail a bill for the same in the usual form;
and there was produced upon the trial a paper which the agent swore
was an exact copy of a bill for the rent in question, which he mailed
to the appellants on the 3d day of January, 1898.    It ran as follows:

New York, January 1st, 1898.

John and Augusta Herrman, 15 Walker Street, City.

To C. H. Diamond & Company, Agents, Dr.

To rent of store and basement No. 15 Walker street, as per bills ren-
        dered to Dec. 31st, 1897.................................... $725
"   "   "   store and basement No. 15 Walker street for month of Janu-
        ary, 1898, as per lease.................................... 125
                                                                   ⸻
                                                                   $850
Received payment.

It is upon this proof, and this proof only, that the respondent re-
lies for the purpose of establishing his statutory demand for the rent,
which conditions his right to institute these proceedings.    It seems to
be well established that the demand which the statute requires must
be a personal one.    Wolcott v. Schenk, 16 How. Prac. 449; People v.
Gross (1867) 50 Barb. 231; Tolman v. Heading, 11 App. Div. 264, 42
N. Y. Supp. 217.

It was held in Wolcott v. Schenk, supra, that the demand meant by
the statute is the common-law demand, with all the precision and
niceties which the latter involved; and Mr. Justice Brown in his opin-
ion reviews at considerable length the authorities upon the subject.
While the courts have not been disposed to follow this case to its full
extent, there has been a concurrence at least in the view that the de-
mand must be a personal one, made upon the tenant.    In the case of
People v. Gross, supra, Sutherland, J., giving the opinion of the gen-
eral term, says: "The demand mentioned in the statute, as distin-
guished from the notice in writing, means, no doubt, a personal de-
mand."    This case was referred to with approval in Tolman v. Head-
ing, supra, where the court, referring to subdivision 2 of section 2231
of the Code of Civil Procedure, says: "The demand required by such
section is a personal demand; that is, one made to the tenant person-
ally and for the payment of the rent, absolutely, as distinguished from
the three-days notice to pay or surrender possession of the premises.".
At page 266, 11 App. Div., and page 218, 42 N. Y. Supp., the court
further says: "The burden was therefore put upon the petitioner of
proving, by competent evidence, either a personal demand of the
rent or a service in the manner required by section 2240.    These pro-
ceedings are statutory, and must be strictly followed."    The con-
struction thus given to the section in question is supported by rea-
son as well as authority.    The purpose of such proceedings is to
enforce a forfeiture of an interest in real property incurred by the
tenant by reason of his failure to comply with a condition upon the
performance of which the continuance of his estate is predicated.    In
view of the grave consequences following such a forfeiture, it has al-

ways been the policy of the law to insist that he who purposes to take advantage of it should seek out the person against whom it is sought to establish the forfeiture, and demand of him a performance of the condition in unequivocal language, and under circumstances which would place that person immediately in a position to satisfy the demand and save his estate. It is obvious that a proper compliance with this requirement could not be had unless the demand was a personal one. It is true that the statute provides an alternative, in the shape of the service upon the tenant in the same manner as a precept is required to be served, of three days' notice in writing, requiring, in the alternative, the payment of the rent or the possession of the premises. The landlord has the election to do this or to make a demand, but where he elects to make the demand, and to rest solely upon that, nothing short of an exact compliance with all that the word, as used in the statute, imports, can be accepted. In other words, the demand must be personal. If it is less than that, and the alternative notice in writing has not been given, he has no right to institute a dispossess proceeding, nor has the justice any authority to make a final order in his favor. Such is the condition of this proceeding, and it necessarily follows that the order appealed from must be reversed.

We are also asked to direct a restitution of the premises under section 2263 of the Code of Civil Procedure. We are not disposed to do so forthwith, owing to the very meager statement contained in the papers with respect to the duration and other elements of the lease, and also in the absence of proof of what has taken place with respect to the occupancy of the property since the final order was made. If restitution be desired, a motion should be made for that purpose.

Final order reversed, with costs. All concur.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.