(23 Misc. Rep. 700.)

### ADOLPH v. KLEIN.

(Supreme Court, Appellate Term. June 6, 1898.)

1. APPEALABLE ORDERS.
   Neither an order of a justice of the municipal court of New York City vacating a judgment obtained against a defendant on the ground of no service of summons and no appearance, nor an order vacating the former order upon a motion for its resettlement, is appealable to the appellate term of the supreme court.

2. SAME.
   It seems that in such a case the defendant might possibly obtain relief by an appeal from the judgment, under Code Civ. Proc. § 3057, which appears by section 3213 to be rendered applicable to the municipal court of New York City.

Appeal from Fifth district court.

Action by Joseph Adolph against Nathan Klein. From an order vacating the judgment, and from a second order resetting the first order, defendant appeals. Dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Rudolph Marks, for appellant.
Joseph J. Harris, for respondent.

PER CURIAM. The order of March 22, 1898, vacating a judgment which had been obtained against the defendant, was granted on the ground that there had been no service of a summons nor a voluntary appearance by the defendant in the action. The second order, dated March 29, 1898, was made on a motion for the resettlement of the first order, upon which, after hearing further argument, the justice determined that his former order was erroneous, vacated the same accordingly, and denied the original motion. Without expressing any opinion with respect to the propriety of either order, it is sufficient to say that neither is appealable to this court. Appeals from determinations of the municipal court to the supreme court are limited to judgments and to such orders as are in terms made appealable under some specific statutory provision. We have been unable to discover any such provision which will support this appeal. Chapter 748 of the Laws of 1896 sanctions appeals in the cases there referred to only where an order opens a default or grants a new trial for the grounds stated in section 999 of the Code of Civil Procedure. Neither of the orders in question comes within either description. Possibly the defendant might have obtained relief by an appeal from the judgment, under section 3057 of the Code of Civil Procedure, although it has been intimated that this section does not apply to the district courts (now the municipal court) of the city of New York. Jourdan v. Healey (Sup.) 19 N. Y. Supp. 240. The court there, however, seems to have overlooked the provisions of section 3213 of the Code of Civil Procedure, which sanctions an appeal from a judgment rendered in a district court of the city of New York "in the cases and in the manner prescribed in articles first and second of title eight of chapter nineteen" of such Code, which include section 3057, above referred to. As we have no jurisdiction to entertain this appeal, it must be dismissed.

Appeal dismissed, with $10 costs.