(24 Misc. Rep. 734.)

BOYD v. MILONE.

(Supreme Court, Appellate Term. October 5, 1898.)

1. OPENING DEFAULT.
   The municipal court of New York City has no power to open a default taken in summary proceedings.

2. APPEALABLE ORDERS.
   The appellate term of the supreme court has no jurisdiction to entertain an appeal from an order of the municipal court denying a motion to open a default judgment.

3. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PROOF OF NOTICE.
   In a summary proceeding to recover demised premises for nonpayment of rent, where the only proof of a demand is contained in the petition, which alleges that "petitioner has demanded from said tenant that he perform his agreement, and covenant and pay the rent accrued and due," it is insufficient to confer jurisdiction, under Code Civ. Proc. § 2231, subd. 2, providing that a tenant may be removed where he holds over without permission of the landlord after a default in payment of rent, and a personal demand in writing, requiring the payment of the rent, or the pos-

session of the premises, as it shows neither a personal demand nor the service of the notice in writing.

4. SAME—RESTITUTION—REVERSAL OF JUDGMENT.

Upon the reversal of a final order of the municipal court in summary proceedings by a landlord against his tenant in favor of the landlord, if the tenant desires restitution of the premises, a motion should be made therefor.

Appeal from Ninth district court.

Summary proceeding by Robert Boyd against Joseph Milone for the possession of leased premises for the nonpayment of rent. From a final order made by a justice of the municipal court of New York City in favor of the landlord on default, and from an order denying the motion to open such default, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Palmieri & Nock, for appellant.
Martin F. Bourke, for respondent.

GIEGERICH, J. The justices of the municipal court of the city of New York have no power to open a default taken in summary proceedings. Cochran v. Reich, 20 Misc. Rep. 593, 46 N. Y. Supp. 441; Langbein, Law & Prac. N. Y. Dist. Ct. (4th Ed.) p. 285. Moreover, the appellate term has no jurisdiction to entertain an appeal from an order denying a motion to open a default (Adolph v. Klein, 23 Misc. Rep. 700, 52 N. Y. Supp. 32), and hence the appeal taken from such order must be dismissed, with $10 costs.

The validity of the final order is assailed on the ground that the petitioner has failed to show that a demand for the rent had been made pursuant to the requirements of section 2231 of the Code of Civil Procedure, which, among other things, provides that a tenant may be removed from the demised premises (subdivision 2) where he holds over without permission of the landlord, "after a default in the payment of rent, pursuant to the agreement under which the demised premises are held, and a demand of the rent has been made, or at least three days' notice in writing, requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served, in behalf of the person entitled to the rent, upon the person owing it, as prescribed in this title for the service of a precept." The demand mentioned in the statute, as distinguished from the notice in writing, must be a personal one. Wolcott v. Schenk, 16 How. Prac. 449; People v. Gross, 50 Barb. 231; Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217; Zinsser v. Herrman, 23 Misc. Rep. 645, 52 N. Y. Supp. 107. In Tolman v. Heading, supra, Parker, C. J., giving the opinion of the court, at page 264, 11 App. Div., and page 217, 42 N. Y. Supp., says:

"In order to maintain this summary proceeding, and to become entitled to an order removing the defendant Heading from the premises in question, it was incumbent upon the petitioner to prove either that he had demanded from Heading the rent which was due, or that he had served upon him, in behalf of the persons to whom the rent was due, at least three days' notice in writing, requiring the payment of the rent or the possession of the premises. See Code Civ. Proc. § 2231, subd. 2. And the proof should also have shown

that such notice was served in the manner required by that section. The demand required by such section is a personal demand,—that is, one made to the tenant personally,—and for the payment of the rent absolutely, as distinguished from the three-days notice to pay or surrender possession of the premises. People v. Gross, 50 Barb. 231."

In the case before us the only proof of a demand for the rent is contained in the petition of the respondent, in which he alleges that "petitioner has demanded from the said tenant, Joseph Milone, that he perform his agreement and covenant, and pay the rent accrued and due, but said Milone has refused, and still refuses, to pay said rent, and your petitioner has duly demanded that, in default of such payment, possession be given to him, which demand has also been refused." This is clearly insufficient to confer jurisdiction, for the reason that it shows neither a personal demand, nor the service of a notice in writing, as required by the statute (Wolcott v. Schenk, supra; People v. Keteltas, 12 Hun, 67), and therefore the final order must be reversed, with costs. If restitution be desired, a motion should be made for that purpose.

Final order reversed, with costs. All concur.