### SHOTLAND v. MULLIGAN.

(Supreme Court, Appellate Term. February 18, 1910.)

1. LANDLORD AND TENANT (§ 297*)—SUMMARY PROCEEDINGS—DEMAND OR NOTICE.

Under Code Civ. Proc. § 2231, subd. 2, permitting summary proceedings to remove a tenant holding over without permission after default in payment of rent, when demand for the rent has been made or at least three days' notice in writing, requiring either the payment of rent or the possession of the premises, has been served by the landlord, and section 2240, requiring service of a copy of the precept in the manner stated, a justice of the Municipal Court had no power to entertain summary proceedings, brought to dispossess a tenant after default in payment of rent, where there was no showing of a demand for rent or that three days' notice, requiring payment or possession, was served upon defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. § 297.*]

2. DISMISSAL AND NONSUIT (§ 75*)—DISMISSAL WITHOUT PREJUDICE.

A petition in summary proceedings to dispossess a tenant after default in payment of rent, dismissed for want of a showing of demand of rent, or that three days' notice was served upon the tenant, requiring payment of the rent or possession, should have been dismissed without prejudice, and not upon the merits.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Paul Shotland against Delia Mulligan. From a final order for defendant, plaintiff appeals. Affirmed, as modified.

See, also, 134 App. Div. 504, 119 N. Y. Supp. 576.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Gates Hamburger, for appellant.

Duncan & Duncan (James N. Catlow, of counsel), for respondent.

SEABURY, J. This proceeding was brought to dispossess the tenant from real estate after default in the payment of rent. A final order has been entered in favor of the tenant, and the landlord appeals.

There is in the record no evidence of any demand of the rent, or that three days' notice, requiring in the alternative the payment of the rent or the possession of the premises, was served. Under the statute, evidence of this character is necessary to confer jurisdiction upon the justice to entertain this proceeding. Code Civ. Proc. §§ 2231, 2240; Beach v. McGovern, 41 App. Div. 381, 58 N. Y. Supp. 493; Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217; Zinsser v. Herrman, 23 Misc. Rep. 645, 52 N. Y. Supp. 107. In the absence of such evidence, the justice before whom the proceeding was tried properly entered an order dismissing the petition.

The order appealed from is incorrect, in so far as it assumes to dismiss the petition "upon the merits."

Order modified, by striking out the words "upon the merits," and inserting the words "without prejudice to a new proceeding," and, as modified, affirmed, with costs. All concur.