ANNIE R. HUTTON and Others, Respondents, v. HERMAN MALKIN and Another, Copartners, Doing Business as H. MALKIN'S SONS, Appellants.

Supreme Court, Appellate Term, First Department, December 16, 1930.

*Morris Gottlieb*, for the appellants.

*Cadwalader, Wickersham & Taft* [*Francis Dean* of counsel], for the respondents.

PER CURIAM. Final order affirmed, with twenty-five dollars costs.

LEVY and CALLAHAN, JJ., concur; LYDON, J., dissents, with opinion.

LYDON, J. (dissenting). I am unable to agree with the conclusion reached by my learned associates.

The proceeding is brought to remove the tenants for non-payment of rent. Hence either a demand for the rent, or service of the

written notice prescribed by subdivision 2 of section 1410 of the Civil Practice Act, was necessary as a foundation for the proceeding. The section cited provides that the written notice must be served in the manner prescribed for the service of a precept, but it does not provide how a demand for the rent shall be made. Here it was made by telephone and the first question in the case is whether such a demand is sufficient. I do not think it is.

However anxious we may be that our determinations shall keep pace with the practices and customs of the present day in matters of business, there are limitations upon our power of decision. We may think a demand for payment of rent, as a condition precedent to the maintenance of summary proceedings, an unimportant or even an unnecessary requirement. But since the statute requires a demand we may neither dispense with that requirement nor evade it by a supposedly liberal construction of the statutory provision. We may not properly hold a demand to be sufficient if, in essentials, it is something quite different from any demand contemplated by the statute. If a telegraphic demand could be thought to have been within the intent of the statute, very likely a telephonic demand would suffice, though that form of communication might have been unknown to the framers of the statute. The scientific processes of transmission would be quite different, but there would be no essential difference in the two forms of demand so far as the legal question of their sufficiency was concerned. But where the statute contemplates a demand made upon the tenant in person, no demand made at a distance, whether by telephone, by telegraph or by mail, can properly be held sufficient. It seems to me that a demand upon the tenant in person — a demand made in such a way that the tenant could respond by immediate payment to the person making the demand, if he so elected — must have been intended. This was the view of this court in *Zinsser* v. *Herrman* (23 Misc. 645), where, both upon principle and upon a consideration of the authorities, the conclusion was reached that a demand made through the mails was insufficient. I need not repeat the argument there used to sustain the conclusion reached, but I suggest that if a notice given by mail be insufficient, a like notice given by telephone cannot be good.

Another reason why, in my judgment, the present proceeding should fail is that the landlords had commenced actions at law for all the rent in arrears at the time this proceeding was commenced. The last of these actions was brought on June 4, 1930, and demanded judgment for the June rent. This proceeding was commenced

later in the month of June and was founded upon a demand made by telephone in the preceding month. Thus the landlords, having made their demand in May, elected to abandon their right to forfeit the tenants' estate by taking action entirely inconsistent with such a purpose and founded on the theory that the tenants were liable under their lease for the June rent. I am never anxious to extend the application of the theory of the election of remedies, but it seems to me that we must apply it here or else renounce it altogether. The case is the same, in principle, as *Tolk* v. *Cohen* (62 Misc. 230).

The final order should be reversed, with thirty dollars costs, and the petition dismissed, with costs.