HOTEL CONCORD, INC., Landlord, Appellant, *v.* CORNELIUS CALLAGHAN, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, December 23, 1936.

*Samuel Komoroff,* for the appellant.

*Seymour Groshut,* for the respondent.

HAMMER, J. Summary proceedings for non-payment of rent, amounting to $3,333.33, under written lease. The tenant, appearing without attorney, answered: " Admits and offers to pay $803.33. Denies balance."

The trial justice dismissed the landlord's petition on the ground that " no demand was made as provided by section 1410 of the Civil Practice Act." In his opinion he says: " This proceeding is dismissed on the ground that no demand has been made personally on the tenant by the landlord or his agent on the day the rent was due. Such demand as has been established was made after the petition was filed." And in a decision on motion for reconsideration the justice states that in summary proceedings, as in the old common law of ejectment, there must be a demand of the rent on the due date, between sunrise and sunset, and that " it is perfectly obvious from this that if any kind of demand satisfies the statute that the alternative demand in writing served like a precept is so much surplusage."

At common law where the right to enter for a breach of the covenant to pay rent was reserved, unless the lease prescribed the method of making a demand for the rent, it was necessary for the landlord, either in person or by his duly authorized agent, to make an actual demand for the exact amount of the rent due on the very day that it became due, at a convenient time before sunset, so that the money could be counted before night, and at the precise place where the rent was made payable, or if that was not provided for in the grant or lease, at the most notorious place upon the land demised.

Prior to the enactment of the original summary statute (Laws of 1820, chap. 194) the only remedy a landlord had was by action of ejectment. That was, of course, an expensive and dilatory proceeding which in many instances amounted to a denial of justice. The statute of 1820 was designed to remedy this evil by providing the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of his term. Summary proceedings are still statutory proceedings, in the prosecution of which the requirements of the statute must be met, and they are usually instituted in courts of circumscribed jurisdiction, where the right to act depends upon the sufficiency of the record. But they should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford. (*Reich* v. *Cochran*, 201 N. Y. 450, 453, 455.)

Neither the original nor the present statute (Civ. Prac. Act, § 1410) provides that as a preliminary to a proceeding for non-payment of rent a demand for the rent must be made on the day it becomes due. In the Revised Laws of 1813 (1 R. L. p. 440, § 23) we find provisions dispensing with demand for rent in eject-ment, and it seems clear that it was never intended that the demand required in a proceeding under the original statute of 1820 — a summary proceeding designed to take the place of an action of ejectment — was the archaic demand prescribed by the common law in ejectment actions.

The present statute (Civ. Prac. Act, § 1410, subd. 2) provides that where the tenant holds over without the landlord's permission after a default in the payment of rent, " and a demand " for the rent has been made, or the statutory three days' notice in writing given, the tenant may be removed in accordance with the statute. To read into the act the condition precedent imposed by the trial justice finds no justification in the context, and is contrary to relevant controlling decisions. (*Jarvis* v. *Driggs,* 69 N. Y. 143, 147; *Moore* v. *Coughlin,* 127 App. Div. 810; *Durant Land Improve-ment Co.* v. *Thomson Houston Electric Co.,* 2 Misc. 182; and see Keogh, Landlord and Tenant, Summary Proceedings, 98–101.)

Judge McADAM, in discussing the subject, said (3 Landl. & Ten. [4th ed.] pp. 192, 193):

" In the next place, a common-law demand, to be effective, was required to be made upon the very day on which the rent is due and payable, and at a convenient hour before sunset. This prerequisite, if literally enforced, would seriously embarrass if not defeat what was designed to be a simple as well as speedy remedy. Landlords, particularly of tenements, would be inconvenienced, and their tenants considerably annoyed by demands for rent before sunset on the first day of the term; yet if the demand should be postponed to the second day of the term, the remedy would be forever gone. * * *

" To one accustomed to hearing the many technical objections formerly urged by counsel to the nature of the demand necessary in summary proceedings, and the frequency with which these objections were sustained by magistrates, it is indeed gratifying to know that these old technicalities have been brushed aside and buried in oblivion."

Apart from the decision of the county judge of Otsego county relied upon below (*Peck* v. *Reid,* 123 N. Y. Supp. 253), the farthest the courts have gone is to hold that the statutory demand is a personal one (*Tolman* v. *Heading,* 11 App. Div. 264; *Wingood Realty Co.* v. *Von Bayer,* 169 N. Y. Supp. 241; *Zinsser* v. *Herrman,*

23 Misc. 645), and this court has decided (*Hutton* v. *Malkin*, 138 Misc. 560) that it may be made by telephone. Ordinarily service of the three days' notice in writing is resorted to where personal demand is impracticable, service to be made as prescribed by section 1421 of the Civil Practice Act.

Upon the merits the evidence satisfactorily established that by reason of the fact that the landlord did not have the custody of the lease it was unaware of the fact that the rental had been increased by the sum of $2,500 October 1, 1935, and that no agreement was made reducing the annual rental from $10,000 to $7,500. It further appears that personal demand was made for all of the arrears, although personal demand for the October rent was unnecessary to the maintenance of the proceeding.

Final order reversed, with thirty dollars costs, and final order and judgment directed for the landlord as prayed for in the petition, with costs.

All concur. Present — LYDON, HAMMER and FRANKENTHALER, JJ.