Sheldon S. Levy, J.
When is a demand not a demand? This litigation brings into sharp focus a response to this oftentimes perplexing question.
Although there has been a plethora of fully reported, mini *559 mally reported and unreported cases dealing with the personal demand for rent in a nonpayment summary proceeding, oddly enough, independent research has failed to uncover any case which meets headon the issue of the legal, verbal requirements of such a demand or which sets forth any significant guidelines for future compliance. In this respect, I believe this decision to be one of first impression.
It is basic landlord-tenant law that a petitioner, in order to maintain jurisdictionally a nonpayment proceeding, must prove either that a rent demand has been made or that a three-day notice has been properly served (Real Property Actions and Proceedings Law, § 711, subd [2]; Tolman v Heading, 11 App Div 264; Zinsser v Herrman, 23 Misc 645; Boyd v Milone, 24 Misc 734; Small v De Bruyn, 187 Misc 1045; Oberlies v Oliva, 45 Misc 2d 533; Sasse v Cohen, 128 NYS 654; Wingood Realty Co. v Von Bayer, 169 NYS 241; Dry Dock Sav. Inst, v Harding, 48 NYS2d 389; Fleisher v Wolff, 91 NYS2d 427).
The exact wording of the subject statute, subdivision 2 of section 711 of the Real Property Actions and Proceedings Law, reads, in pertinent part:
"A special proceeding may be maintained under this article upon the following grounds:
* * *
"2. The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served upon him as prescribed in section 735”.
But what is a proper "demand of the rent”? In the instant special proceeding, petitioner-landlord seeks recovery of monthly rental in the sum of $64.54 for each of the months of April, May and June, 1976. As to the evidence presented of the demand in haec verba in issue, petitioner’s witness testified briefly on direct examination that in early May, 1976: "I mentioned to him [the tenant] that he was late in rent and would he pay some.” On cross-examination, the said witness added that he told the tenant only that: "You know you owe us some rent.” In response, the tenant is alleged to have said merely that: "My attorney is handling the case. See my lawyer.” Finally, the landlord’s witness stated that he had no *560 further conversation with the tenant thereafter and made no additional demands upon him for rent since that time.
At the conclusion of the landlord’s presentation, the tenant also rested and moved to dismiss the petition upon the ground that there had been a failure of proof with respect to the demand, a prerequisite to maintenance of the cause. The tenant contended specifically that, not only was the instant demand completely insufficient, but also a proper verbal demand pursuant to the statute requires, in effect, the same recital that would be included in a written three days’ notice (see Rasch, Landlord and Tenant [2d ed], § 1096 — Form of Statutory Three Days’ Notice to Pay Rent).
On the other hand, the landlord contended simply that the quoted words constituted a legally adequate demand.
In my view, however, a correct determination lies somewhere between the two divergent views.
Initially, "The demand required by such section (now Real Property Actions and Proceedings Law, § 711, subd [2]) is a personal demand; that is, one made to the tenant personally” (Tolman v Heading, 11 App Div 264-265). As such, it is delivered orally and may be made in person by the landlord or his agent (Moore v Coughlin, 127 App Div 810, 812; Powers v De O, 64 App Div 373). Even an adequate demand by telephone has been held to be personal and proper (Hutton v Malkin, 138 Misc 560; see, also, Hotel Concord v Callaghan, 161 Misc 764, 767).
Moreover, in the actual words used in the demand, it is not necessary that the precise sum of rent due be demanded (Moore v Coughlin, 127 App Div 810, 812; Sheldon v Testera, 21 Misc 477; Durant Land Improvement Co. v Houston Elec. Co., 2 Misc 182). A demand for less than the amount actually due cannot be held insufficient on that ground alone (see Moore v Coughlin, 127 App Div 810, 812). However, even the particular wording of the statute involved supports the conclusion that some specified sum of money must be demanded, even if it is not the precise sum owing. Subdivision 2 of section 711 of the Real Property Actions and Proceedings Law does not state that there shall be a demand for "rent” or for "some rent” or for "any rent.” On the contrary, the section clearly requires that the demand be for "the rent”, meaning the particular rent involved, or, at least, the landlord’s good faith assertion of the rent deemed due at the time of the request, without regard to any possible setoffs or counter *561 claims which the tenant may have and may later interpose in a legal proceeding.
In the Durant Land Improvement Co. case (supra) cited prominently by a leading commentator (see Rasch, Landlord and Tenant [2d ed], § 1094), but incorrectly, in my opinion, for the broad proposition that a personal demand for rent need not contain any amount at all, the quoted verbal demand in that case was solely for the "amount due for rent.” Nevertheless, this demand was permitted in the Durant proceeding only upon the special circumstances involved, as the court explained, "that the amount due had been ascertained and determined by a judgment between the parties, and that of this judgment the respondent (tenant) had actual notice” (Durant Land Improvement Co. v Houston Elec. Co., supra, at p 183). The law has evolved far beyond this case since 1893.
Accordingly, what are the recognizable guidelines that can be gleaned from the discussion heretofore? "The purpose of such proceedings is to enforce a forfeiture of an interest in real property incurred by the tenant by reason of his failure to comply with a condition upon the performance of which the continuance of his estate is predicated. In view of the grave consequences following such a forfeiture, it has always been the policy of the law to insist that he who proposes to take advantage of it should seek out the person against whom it is sought to establish the forfeiture, and demand of him a performance of the condition in unequivocal language, and under circumstances which would place that person immediately in a position to satisfy the demand and save his estate” (Zinsser v Herrman, 23 Misc 645, 647). However, the legal sufficiency of a demand for rent is not dependent upon the vehemence or venality with which it is invoked. Instead, its legal adequacy is based upon the verbal content of the demand.
A proper demand for rent must fairly afford the tenant, at least, actual notice of the alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period.
A simple, but complete and informative, statement such as: "I want the $100 per month rent that you owe for June and July” should suffice, or more crudely put, but equally satisfac *562 tory: "Gimme the thirty bucks for last week’s rent.” But, assuredly, a comment in passing by the landlord’s agent to the tenant, as voiced herein and which neither notified nor informed the tenant as to any particular amount of rent due or any particular period of time for which it was due, is patently insufficient.
On the other hand, I do not agree with the tenant that, in order to constitute a proper oral demand for rent, the full, legislatively prescribed wording of the usual three days’ notice need be verbally recited by the landlord to the tenant. No need appears in law or logic for a verbalization of all of the detailed language of such written notification.
The personal demand required by the statute (Real Property Actions and Proceedings Law, § 711, subd [2]) is "for the payment of the rent absolutely, as distinguished from the three days’ notice to pay or surrender possession of the premises” (Tolman v Heading, 11 App Div 264, 265; see, also, Zinsser v Herrman, 23 Misc 645, 646-647; Heinrich v Mack, 25 Misc 597, 598; Rogers v Lynds, 14 Wend 172). Additionally, the statute specifically requires the alternative language of possession only when a three days’ notice in writing is employed and specifically omits this requirement for the ordinary personal demand. Accordingly, the Latin maxim Expressio unius est exclusion alterius is especially apt in this case as a means of construing the lawmakers’ intent (People v Lewis, 29 NY2d 923, 924; Trustees of Methodist Episcopal Church v Jaques, 3 Johns Ch 77, 110). The nonappearance of the alternative language requirement in connection with the personal demand must be held legislatively purposeful.
Furthermore, this difference in written notice and oral demand has long been a particularly practical legislative approach, since it is most doubtful that, under usual circumstances, the ordinary lay landlord or his agent would or could express orally the stated alternatives each time a normally heated demand for rent was made. In addition, in the personal demand, the landlord or his agent is immediately available to the tenant to answer any of the tenant’s questions with respect to the demand for rent or to enlarge upon the practical ramifications of a continued default in payment, if the tenant so inquires. The written notice offers no such advantages and must, therefore, immediately acquaint the tenant fully with the most serious consequence of continued noncompliance.
*563 Finally, upon the facts of this case, it is apparent, from petitioner’s own evidence, that no demand for June rent was ever made at all. Accordingly, that branch of this summary proceeding which seeks a judgment of possession based upon the failure to pay rent for the month of June, 1976 is out-rightly dismissible. However, since there is no proper proof of a legally cognizable personal demand for rent for any of the months in issue, the petition must be dismissed, and it is.