OPINION OF THE COURT
Samuel J. Castellino, J.
Since May of 1990, David and Juanita Pike (hereinafter *357 Respondents) have resided at the Rolling Acres Mobile Home Park (hereinafter Petitioner), pursuant to an oral agreement to pay $210 rent to Petitioner on the first day of each calendar month. In 1997, Respondents fell behind in their rental payments, and by September 15, 1997, were in default in the amount of $90.79. As a result of Respondents’ default, Petitioner determined that Respondents were not entitled to an offer of a one-year lease. On September 29, 1997, Petitioner issued a letter to Respondents in which it stated, “[w]e are writing to advise you that you are not a tenant in good standing and are not entitled to a lease since you are in default of the following: Rental Payments Totaling: $90.79.” The letter did not instruct Respondents to pay the rent owed, nor did it instruct Respondents to surrender the property.
On October 30, 1997, Petitioner accepted a rental payment from Respondents totaling $220. Thereafter, Respondents failed to pay any rent for the months of November 1997, December 1997, and January 1998. On January 9, 1998, Petitioner’s attorney notified Respondents, in writing, that they were indebted to Petitioner in the amount of $560.79, and informed Respondents that they were to pay the amount owed “on or before the expiration of three (3) days from the day of the service of this Notice, or surrender up the possession of said premises to the Landlord.” Respondents subsequently failed to cure their default.
On January 27, 1998, Respondents were served with a notice and petition commencing a summary proceeding to recover possession of the property based on nonpayment of rent. The petition alleged that the Respondents had defaulted in their rental payments, that the total rent in arrears was $560.79, and that “[s]aid rent has been duly demanded personally from the tenant since the same became due.” Although the notice specified a return date of February 4, 1998, the Trial Judge adjourned the matter to February 18, 1998, at 4:00 p.m., so that Respondents might obtain an attorney to appear with them at the eviction hearing.
On February 18, 1998, Respondents failed to appear at 4:00 p.m. for trial. After permitting Petitioner to present his case, the Trial Judge entered a default judgment against Respondents. At 7:00 p.m. that evening, prior to the court’s adjournment, Respondents appeared in court prepared to defend the action. The Trial Judge explained to them that they were too late for their hearing and that he had entered a default judg *358 ment against them. Two days later, on February 20, 1998, the Trial Judge signed a warrant of eviction. On March 23, 1998, Respondents’ attorney moved the trial court to stay the warrant of eviction and vacate the default judgment. The Trial Judge declined to issue such an order, and Respondents appealed to this court.
In their brief, Respondents argued that this court should vacate the default judgment against them on the following three grounds: (1) excusable default, pursuant to CPLR 5015 (a), (2) tender of payment, and (3) the failure of Petitioner to serve Respondents with a written 30-day demand for rent, as required by Real Property Law § 233 (b) (2). Petitioner responds in its brief that this court should sustain the default judgment against Respondents, as Respondents have not established excusable default or an attempted tender of payment. Petitioner also asserts that even if this court decides to vacate the default judgment, it should permit execution of the warrant on the ground that Petitioner could still bring a holdover proceeding against Respondents. Having reviewed the record, this court makes the following determination of law.
It is well settled that in a summary proceeding to recover possession of property, a petitioner must strictly adhere to the statutory requirements. (Zenila Realty v Masterandrea, 123 Misc 2d 1, 6 [1984]; Lana Estates v Energy Corp., 123 Misc 2d 324, 328 [1984]; Index Constr. Corp. v City of New York, 103 Misc 2d 16, 17 [1980].) Real Property Law § 233 (b) (2) provides that a manufactured home park owner may evict a manufactured home park tenant for nonpayment of rent only when “a demand of the rent with at least thirty days notice in writing has been served upon [the tenant] as prescribed in section seven hundred thirty-five of the real property actions and proceedings law.” In order to jurisdictionally maintain an eviction action pursuant to this statute, a petitioner must prove that a written, 30-day demand for rent was properly served upon the respondent. (See, Zenila Realty v Masterandrea, 123 Misc 2d 1 [1984]; Lana Estates v Energy Corp., 123 Misc 2d 324 [1984]; Solack Estates v Goodman, 102 Misc 2d 504 [1979]; Schwartz v Weiss-Newell, 87 Misc 2d 558 [1976]; Tolman v Heading, 11 App Div 264 [3d Dept 1896].)
The petition in this case failed to allege that Respondents were served with a written, 30-day demand for rent, and a review of the record reveals that no such demand was ever made. Therefore, the nonpayment proceeding was jurisdiction-ally defective and the petition must be dismissed. (See, Matter *359 of Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545 [2d Dept 1995]; Lana Estates v Energy Corp., 123 Misc 2d 324 [1984], supra; Tolman v Heading, 11 App Div 264 [3d Dept 1896], supra.) In reaching this conclusion, the court rejects Petitioner’s argument that the September 1997 letter “given” to Respondents constituted a proper 30-day demand for rent. In order to satisfy the jurisdictional requirement, a predicate demand for rent must be clear, unequivocal and unambiguous. (See, 95 Riv. Co. v Burnett, 160 Misc 2d 294 [1993]; Schwartz v Weiss-Newell, 87 Misc 2d 558 [1976], supra.) This affords the tenant the opportunity to make an informed response to the notice. (See, Zenila Realty v Masterandrea, 123 Misc 2d 1 [1984], supra.)
Although the September 1997 letter informed Respondents that they would not be offered a written lease, the letter did not contain a request for rent, nor did it advise Respondents that a failure to pay the amount owed would result in the commencement of a summary proceeding to recover the property. If the letter can be considered a demand for rent at all, it was insufficient for jurisdictional purposes. The court also notes that the petition did not allege, and the proof did not establish, that the letter was served upon Respondents in the manner required by the statute. This omission also constituted a jurisdictional defect. (Columbus Prop. v I S K S Realty Corp., 163 Misc 2d 446 [1994]; Tolman v Heading, 11 App Div 264 [3d Dept 1896], supra.) As there was no proper 30-day demand, there was no jurisdictional basis for the nonpayment proceeding, and the petition must be dismissed.
Having determined that dismissal of the nonpayment action is required, it is unnecessary for the court to consider Petitioner’s argument that it could bring a separate holdover proceeding against Respondents. However, in the interest of judicial economy, the court will address the merits of Petitioner’s claim. Based on the record before it, the court concludes that Petitioner may not bring a holdover proceeding against Respondents.
Real Property Law § 233 (e) (2) states the following:
“(i) On or before, as appropriate, (a) the first day of October of each calendar year with respect to a manufactured home owner then in good standing who is not currently a party to a written lease with a manufactured home park owner or operator * * * the manufactured home park owner or operator shall submit to each such manufactured home owner a written offer to lease for a term of at least twelve months from the commencement date thereof * * *
*360 “(ii) For purposes of this paragraph, a manufactured home owner shall be deemed in good standing if he or she is not in default in the payment of more than one month’s rent to the manufactured home park owner * * * No manufactured home park owner or operator shall refuse to provide a written offer to lease based on a default of rent payments * * * unless, at least thirty days prior to the last date on which the owner or operator would otherwise be required to provide such written offer to lease, the owner or operator notifies the manufactured home owner, in writing, of the default in rent * * * and such grounds continues up and until the fifth calendar day immediately preceding the last date on which the written offer would otherwise be required to be made” (emphasis added).
The record reveals that on September 29, 1997, the date on which Petitioner declined to offer Respondents a one-year lease, Respondents were in default in the amount of $90.79, less than one month’s rent. Pursuant to the statute, Respondents were then in good standing. The record also indicates that the September 29th letter, given to Respondents two days before Petitioner was required to offer the one-year lease, constituted the first written communication to inform Respondents of their default. There is no evidence that Petitioner provided Respondents with the 30 days’ written notice required by the statute. Thus, Petitioner erred in refusing to offer Respondents a one-year lease.
The court recognizes that any lease offered to Respondents on- October 1, 1997 may not have been effective on the commencement date, due to Respondents’ subsequent default of more than one month’s rent. (Real Property Law § 233 [e] [2] [iii].) However, the court cannot be certain that Respondents would have continued in default had they had the proper notice and opportunity to enter into a one-year lease, and determines that speculation to that effect cannot relieve Petitioner from its statutory obligation. Were this court confronted with a holdover proceeding based on the facts set forth in the present record, it would deny Petitioner’s attempt to bring the action and direct Petitioner to offer Respondents a one-year lease. (See generally, People ex rel. Higgins v Peranzo, 179 AD2d 871 [3d Dept 1992].)
CONCLUSION
Having determined that the nonpayment proceeding was jurisdictionally defective, the court orders the default judgment vacated and the petition dismissed. The court further *361 states that this dismissal, while preventing Petitioner from presently evicting Respondents, does not provide Respondents with permission to continue in default of their rental payments. A supplemental affirmation submitted by Respondents’ attorney on June 1, 1998, indicates that Respondents have deposited $1,867 in a client account, and that this money represents the rent owing from November 1997 through June 1998. Respondents are hereby directed to pay said moneys to Petitioner in satisfaction of Respondents’ indebtedness.