*955 OPINION OF THE COURT
James C. Harberson, Jr., J.
Issue
The landlord served a written notice on the tenant demanding that $2,032 in past due rent from July 1, 2005 to October 30, 2005 be paid or surrender of the possession of the premises in three days. The petition alleged that same demand was also made orally and personally to the tenant “since the same became due.” The only issue is whether these notices were sufficient to comply with RPAJPL 711 (2).
In order to resolve this question a review of what constitutes an adequate section 711 (2) demand for rent, either oral or written, and what can be properly considered “rent” under a lease contract.
In thirteenth century England a landlord seeking repossession of property in court had to submit a “ ‘formal statement bristling with sacramental words an omission of which would be fatal’ ” (Metz v Dueñas, 183 Misc 2d 751, 752 [2000] [citations omitted]) to the petition.
In nineteenth century New York a .landlord faced similar problems because the common law “action of ejectment [had become] . . . overburdened with procedural devices . . . [resulting in] ‘an expensive and dilatory proceeding which in many instances amounted to a denial of justice’ ” (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1, 4 [1984] [citations omitted]).
The legislative response in 1820 was tó “devise [ ] the statutory scheme of summary proceedings to . . . provide landlords with a simple, expeditious and inexpensive means of regaining possession of premises” (id.) — a “concept of summary proceedings . . . was placed within RPAPL article 7 (L.1962, ch 142)” that has remained essentially unchanged in its wording since 1820 (id. at 5).
RPAPL 711 (2) states that before a nonpayment proceeding can be commenced the petitioner must show “a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of rent, or the possession of the premises, has been served ... as prescribed in section 735.”
This “demand intended by the Legislature in 1820 as a prerequisite for litigation to commence is the same requirement presently embodied in RPAPL 711 (subd 2)” (Zenila, supra at *956 6). Thus, “The law has always required the making of a personal demand or, in the alternative, service of a three-day notice in writing . . . [prior] to the maintenance of a nonpayment proceeding” (Alexander Muss & Sons v Rozany, 170 Misc 2d 890, 891 [1996] [citations omitted]).
In Schwartz v Weiss-Newell (87 Misc 2d 558, 559 [1976]), the issue addressed by the court was “what is a proper ‘demand [for] the rent.’ ” The court concluded “the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period”; that is, “[a] simple, but complete and informative, statement such as: T want the $100 per month rent that you owe for June and July’ . . . , or more crudely put . . . ‘Gimme the thirty bucks for last week’s rent’ ” (id. at 561-562).
The Schwartz court also eschewed the argument that “in order to constitute a proper oral demand for rent, the full, legislatively prescribed wording of the usual three days’ notice need[ed to] be verbally recited by the landlord to the tenant” (id. at 562).
The Zenila court after commenting that the Schwartz determination of what constituted an adequate oral demand for rent had “like legendary phoenix arisen from the ashes” of other court’s criticisms, concluded that “the guidelines contained therein have arisen from the criticism, renewed as an accurate test of the sufficiency of a rent demand [for] . . . residential tenancies” (123 Misc 2d at 11).
The court stated that these adequate oral demand guidelines met the “requirement of RPAPL 711 (subd 2) ... to place a tenant in position to avoid forfeiture by informing him of the approximate good-faith amount of rent claimed and the particular period for which he is alleged to be in default” (id. at 12).
In Metz the court, after noting “[t]he adoption of [a] more modern and rational legal philosophy . . . has not been without resistance . . . [because] it often is overlooked or rejected by cases repeating the old mantra” (183 Misc 2d at 753 [citations omitted]), concluded that “[c]onsonant with the modern view that pleadings and threshold notices in summary proceedings are to be accorded the same liberal construction as papers in civil litigation ... so that cases may be disposed of on the merits” (id. at 757).
The court ruled in a “garden-variety nonpayment proceeding . . . ‘ “[a] proper demand for rent must fairly afford the tenant *957 . . . actual notice of the alleged amount due and of the period for which such claim is made” ’ (Schwartz v Weiss-Newell, 87 Misc 2d 558, 561)” (id. at 757-758).
This court, then, is in agreement that the “demand requirements of RPAPL 711 (2) should not be encumbered by judicially promulgated technicalities” (Trustees of C.I. Mtge. Group v NYILR Ltd., NYLJ, Dec. 8, 1978, at 6, col 3). Such oral or written demands should be “simple . . . complete and informative” (Schwartz, supra at 561) rather than on “ ‘bristling with sacramental words . . . omission of which would be fatal’ ” (Metz, supra at 752).
A simple oral demand made personally to the tenant as suggested by the Schwartz court “I want the $100 per month rent that you owe for June and July” (87 Misc 2d at 561) and/or written notice using the same words with the addition of the phrase “or the possession of the premises” in three days (RPAPL 711 [2]) will be sufficient so long as the written notice is properly served under RPAPL 735.
In 1820 the Legislature recognized the urgency of allowing landlords to recover possession of their property from tenants who had not paid the rent based on the economic fact that the income from the rent was needed by landlords to pay their property expenses, mortgages and taxes so as to preserve their ownership as well as protect their investment.
The Zenila court explained that the legislative intent was to “devise the statutory scheme of summary proceedings to . . . provide landlords with simple, expeditious and inexpensive means of regaining possession of the premises” (123 Misc 2d at 4); and, in Barstow Rd. Owners v Billing (179 Misc 2d 958, 962-963 [1998]), the court explained the purpose of RPAPL 711 (2) as a “ ‘ “speedy and expeditious disposition” of the issue as to the right of the landlord to the “immediate possession of his real property.” ’ ”
In Marketplace v Smith (181 Misc 2d 440, 442-443 [1999]), the court after noting that in a lease agreement “charges other than rent may be contractually defined as rent,” went on to state that these “charges . . . contractually defined as rent” could not be included in a summary proceeding because to allow the landlord “to collect on what is essentially a contractual claim undermines the legislative intent.” See also, London Terrace Gardens v Stevens (159 Misc 2d 542 [1993]) and Watertown Hous. Auth. v Kirkland (2 Misc 3d 280 [2003]), where specific legislation prohibited lease contractual debts other than base rent from being included in the RPAPL 711 (2) rent demand.
*958 The legislative intent so far as the tenant under the section 711 (2) demand requirement was “to place a tenant in position to avoid forfeiture by informing him of the approximate good-faith amount of rent claimed and the particular period in question for which he is alleged to be in default” (Zenila, supra at 12).
After the 1820 legislative relief given landlords to acquire prompt repossession of their property from a tenant who had not paid the rent through a nonpayment summary proceeding “Simon Legree” lawyers drafted lease contracts so that all other financial obligations undertaken by the tenant under the terms of it, in addition to the basic rent obligations, were by the contract formula converted to “rent” if these other expenses due from the tenant remain unpaid for a specific period.
The question is whether this practice complies with the legislative intent. The court finds that it does not.
In Frazier v Priest (141 Misc 2d 775, 780 [1988]), this court observed that when determining legislative intent the consideration should be guided by the following:
“ ‘[Statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning . . . Thus[,] . . . the words of a statute are construed with reference to the subject matter and the object sought to be obtained; and that construction is to be preferred which furthers the object, spirit and purpose of the statute.’ (McKinney’s Cons Laws of NY, Book 1, Statues § 96.)
“In giving this construction to the statute using as a guide the precepts heretofore outlined from McKinney’s Consolidated Laws of NY, Book 1, Statutes, this decision has given: ‘effect to the intention of the Legislature in the enactment of the statute (Statutes, § 92).’ (Jacques v Richard, 1A Misc 2d 965, 969.)”
The court, based upon the case law and the reasons for legislative enactment in 1820 of a summary proceeding law, and construing RPAPL 711 (2) “with reference to the subject matter and the object to be obtained” and acknowledging “that [the] construction ... to be preferred [is that] which furthers the object, spirit and purpose of the statute” (id.), finds that only the unpaid base rent can be part of the section 711 (2) demand.
This is because the urgency the Legislature recognized in restoring possession of the leasehold to a landlord when the ten *959 ant has defaulted in the payment of the basic rent so it can be relet promptly to restore his income source to protect his investment is not found in the case where the other contract debts of the lease are past due. The Legislature never intended to allow an unpaid water bill, late fee or maintenance expenses to be the basis to evict a tenant from his home under section 711 (2).
Conclusion
The court finds that a landlord may make a personal oral demand for unpaid rent to the tenant or serve a written demand upon the tenant as provided by RPAPL 735 under RPAPL 711 (2).
The demand requirement should inform the tenant “of the approximate good-faith amount of rent claimed and the particular period for which he is alleged to be in default” (Zenila, 123 Misc 2d, supra at 12).
The “legal adequacy [of the oral demand] is based upon the verbal content of the demand” and “the alternative language of possession . . . when a three days’ written notice in writing is employed” is not required “to constitute a proper oral demand for rent” (Schwartz, 87 Misc 2d, supra at 561-562).
The choice to serve the written notice adds the requirement of including “the alternative language of possession” to the otherwise “simple . . . complete and informative” (id. at 561) notice of an “approximate good-faith amount” of rent due for “the particular period for which he is alleged to be in default” (Zenila, supra at 12).
The rent demanded in a section 711 (2) summary proceeding can only be the base rent due for the space leased and cannot include any other contract debts converted to “rent” by the contract terms based upon nonpayment within a specific time frame.
The court finds that the landlord’s oral demand as well as the written notice “fairly afford[ed] the tenant . . . actual notice of the alleged amount due and the period for which such claim [wa]s made” (Schwartz, supra at 561).
The petitioner is granted rent in the amount of $1,605.95 together with costs and disbursement as well as a warrant of eviction effective October 1, 2005.