OPINION OF THE COURT
Alexander Graves, J.
Petitioner brings this squatter proceeding contending that respondent entered upon and continues to occupy the premises without the permission of petitioner. Respondent answers that she and another previously owned the premises and, on the deed conveying title to petitioner, her signature has been forged. It appears that respondent’s argument is that, as part owner of the property, she has every right to occupy same. The court must determine whether respondent’s contentions constitute a permissible equitable defense or an impermissible equitable counterclaim.
Perhaps the clearest description of the distinction between these two concepts is found in 3 Rasch, New York Landlord & Tenant — Summary Proceedings § 43:38, at 141-142 (3d ed): "If *140 the new matter set up presents equities which, when established, are destructive of the petitioner’s rights, then such new matter constitutes an equitable defense, which can be interposed. However, if merely establishing the equities will not destroy the petitioner’s rights, but affirmative equitable relief must be granted to do so, then such facts constitute an equitable counterclaim and cannot be interposed in a summary proceeding. Stated differently, a tenant’s equitable defense constitutes a statement of a bar to the claim asserted by the landlord; and an equitable counterclaim constitutes a statement of circumstances which in and of themselves may form the basis of an adjudication of affirmative relief in favor of the tenant on his claim irrespective of landlord’s success or failure on landlord’s cause of action.” Applying the tests contained in the first of the descriptions to respondent’s contentions, the court concludes that a finding that respondent’s signature on petitioner’s deed is a forgery will not destroy petitioner’s rights. Petitioner’s deed will constitute prima facie evidence of respondent’s transfer of her interest until such time as the deed is set aside or some other equitable relief is granted to respondent as the end product of an action in equity. Applying tests set forth in the second description, it is concluded that respondent’s contentions "constitute * * * a statement of circumstances which may form the basis of an adjudication of affirmative relief in favor of the tenant on his claim irrespective of landlord’s success or failure on landlord’s cause of action.”
Accordingly, respondent’s "Separate Defense and/or Counterclaim” is stricken as an equitable counterclaim. The proceeding shall appear on the calendar of Part 2 of this court on April 11, 1989 at 9:30 a.m. to resolve the issues raised by paragraph 2 of respondent’s answer.