OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed, with $30 costs, and petition dismissed.
Appeal from "decision” discontinued by stipulation.
A squatter proceeding was commenced against the appellant herein. As a basis to the proceeding a 10-day notice had to be served (RPAPL 713 [3]) in the manner set forth in RPAPL 735. Under RPAPL 735 (1) such service is properly effectuated where a copy of the notice is posted conspicuously on the premises sought to be recovered and copies are sent by certified and by regular mail. In this case, the process server testified that she went to the premises four times over a three-day period and could not find anyone at home. She then affixed a copy to the door and mailed one copy by regular mail. As to the certified mail, she placed it in an envelope with a certified mail sticker on it and dropped it into a post-office mailbox.
In the absence of proof by the petitioner that this envelope had the proper postage for certified mail, or in the absence of any stamp by the post office to establish that the envelope was treated as certified mail, it is the conclusion of this court that petitioner has failed to establish that the certified mail copy was ever sent to the appellant. Therefore, the proceeding would have to be dismissed.
While not necessary to this decision, but relevant to further proceedings if any between the parties, an oral motion was made by petitioner to dismiss the defense of the appellant as to the validity of the deed herein. The court below (Graves, J.), in ruling on the motion, held that such an attack was an equitable counterclaim, not properly maintainable in the Civil Court (see, 143 Misc 2d 139).
The basic underlying distinction between an equitable counterclaim and an equitable defense was properly set forth by Judge Graves (see, 3 Rasch, New York Landlord and Tenant— Summary Proceedings § 43:38 [3d ed]). It is the opinion of this court, however, that the allegation in appellant’s answer was an equitable defense. The following language from Rasch (id., § 43:39) is instructive on the issue and discusses the case of DeVita v Pianisani (127 Misc 611) and states: "In a nonpay *976 ment proceeding a tenant sought to establish that the deed, under which the petitioner-landlord held the premises involved, was in reality a mortgage; that for one year after acquiring the property the landlord had never sought any rent; and that the agreement for rent allegedly made shortly before the commencement of the proceeding and one year after acquiring the premises, had never in fact been made. These facts, the court held, constituted a valid equitable defense. No affirmative equitable relief was necessary. The landlord in order to prevail had to establish the conventional relation of landlord and tenant. If the tenant could establish that the petitioner was not an owner, but a mortgagee, and that no lease had ever been entered into, he would defeat the proceeding. Therefore, entertaining such a defense, which challenges the petitioner’s claim that the conventional relation of landlord and tenant exists, does not call for the exercise of affirmative equitable relief, nor is such relief necessary. If established, the equitable defense in and of itself would nullify and defeat petitioner’s right to maintain the proceeding.”
Applying the rationale just cited to the facts at bar results in the conclusion that the argument being advanced by the appellant is an equitable defense since proof that the signature on the deed was not hers, would remove the right of the petitioner to commence this proceeding. In addition, since there was never any payment of rent by appellant to the petitioner, petitioner is not able to claim any attornment by appellant to support the claim of ownership of the property (3 Rasch, New York Landlord and Tenant — Summary Proceedings § 43:12 [3d ed]). Finally, a defense that petitioner is not a person entitled to possession of the property is properly maintainable in this type of proceeding (see, id., §§ 38:5, 43:21).
Kassoff, P. J., Pizzuto and Santucci, JJ., concur.