OPINION OF THE COURT
Michael D. Stallman, J.
This motion to dismiss a commercial nonpayment summary proceeding requires analysis of the multiple mailing requirements for alternative service under RPAPL 735. Specifically, is the omission of a first-class mailing from the service, both of the three-day rent demand and the petition and notice of petition, a fatal defect? Does the inclusion of a return receipt not specifically required by statute vitiate a certified mailing?
According to his affidavit sworn to October 5, 1994, Bradford Mulder delivered a copy of the three-day rent demand to Rafael Rodriquez, an employee of the corporate respondent undertenant, although apparently a receptionist for the principal of I S K S, and mailed a copy to I S K S by certified mail, return receipt requested. According to his affidavit of service sworn to October 19, 1994, Mulder left copies of the notice of petition and petition on the counter with a receptionist at the subject premises and mailed copies to I S K S and the subtenant by certified mail, return receipt requested.
RPAPL 735 (1) permits service of the petition and notice of petition by personal delivery to a person of suitable age and discretion employed at the premises; "and in addition, within one day after such delivering to such suitable person * * * by mailing to the respondent both by registered or certified mail and by regular first class mail”. (Emphasis supplied.)
RPAPL 711 (2) requires that a three-day rent demand be served on the tenant in the same manner as prescribed in RPAPL 735.
The plain wording of RPAPL 735 requires two separate mailings to each party at each address to which mail is directed: one by registered or certified mail, the second by regular first-class mail. The statute is worded in the conjunctive ("and”), not the disjunctive ("or”). (3 Rasch, New York Landlord and Tenant — Summary Proceedings § 42:7 [3d ed]; *448 Siegel, NY Prac § 575 [2d ed]; 5 Warren’s Weed, New York Real Property, Summary Proceedings, § 4.06.)
Service of process accomplishes two distinct purposes. First, service informs the party being sued of the pendency of the proceeding, its object, the need to respond and the time and manner of the required response. Designed to give notice and an opportunity to be heard, it is a basic requirement of due process of law. (US Const 14th Amend; NY Const, art I, § 6; see, Greene v Lindsey, 456 US 444.) Second, service constitutes a ritualized, sovereign act, a symbolic assertion of the court’s authority over the parties. (See, City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, Evans, J.].)
It is a basic principle of service of process that service must be made exactly as the statute requires; actual notice alone is insufficient. (See, Ilfin Co. v Benec Indus., 114 Misc 2d 411.) Similarly, even a good-faith attempt at service, although inadvertently incomplete, is nothing more than an attempt. It is not jurisdictionally sufficient. (See, Macchia v Russo, 67 NY2d 592.)
When the statute requires multiple acts to effect service, e.g., delivery and mailing, omission of any mandated act requires dismissal. (See, Raschel v Rish, 69 NY2d 694 [mailing without delivery invalid; if person of suitable age and discretion is also served as a party, then he or she must receive delivery of two copies: one as a party and one as a person of suitable age and discretion]; see generally, 1 Weinstein-KornMiller, NY Civ Prac f 308.13a.) Only by serving according to the exact statutory recipe, in a manner reasonably calculated to give notice (see, 815 Park Owners v West LB Admin., 119 Misc 2d 671) can both purposes be effectuated.
A summary proceeding is a statutory construct in derogation of the common law. (2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 29:5, 29:13 [3d ed].) It is intended to provide a streamlined, expeditious means of recovering possession of real property. Because the petitioner obtains the benefit of an expedited and simplified procedure which bypasses many of the usual procedural steps of a plenary action, petitioner must prove strict compliance with all of the requirements for a summary proceeding. Since omission of a required act of service is fatal to a plenary action, then a fortiori, it is fatal to a summary proceeding. Petitioner’s departure from the clear requirement of RPAPL 735 is not curable.
*449 The requirement in a summary proceeding of two different mailing methods was a conscious legislative choice. (Compare, RPAPL 735, with CPLR 308 [2], [4] [only one mailing required for "delivery and mail” or "nail and mail” service on an individual in a plenary action].)
The legislative history is instructive. Each amendment of RPAPL 735 pertaining to mailing represented a further attempt to enhance the likelihood of actual receipt. Before 1965, former RPAPL 735 permitted service in a summary proceeding by delivery alone to a person of suitable age and discretion. A 1965 amendment added a mailing requirement but did not specify the form of mailing. (L 1965, ch 910, § 7.) A 1971 amendment required that the single mailing be done by registered or certified mail. (L 1971, ch 83, § 1.) A 1980 amendment adopted the current, two mailing requirement. (L 1980, ch 370, § 1.)
The first-class mailing requirement is just as important as the certified or registered mailing. Because first-class mail does not require a recipient’s signature, the post office routes it differently from certified or registered mail. Moreover, first-class mail does not require the recipient’s presence at the time of delivery or the recipient’s travel to the post office; neither does is require the recipient’s signature. The additional mailing by first-class mail is an essential element of the statutory scheme which may not be ignored.
Respondent also challenges the certified mailing as defective. While the statute requires registered or certified mail, it does not mention a return receipt. Petitioner’s decision to purchase a return receipt in addition to the certified mailing does not vitiate the certified mailing. (Cf, Marrero v Escoto, 145 Misc 2d 974 [App Term, 2d Dept] [mere placement of certified mail sticker on envelope dropped in letter box like ordinary first-class letter is not considered certified mail].) Requesting the receipt does not transform either certified mail or registered mail into a different class or form of mail, and therefore does not depart from the statutory language. Neither does it make it less likely that the mailing will be received. Since registered and certified mailings each require the recipient’s signature, even without a return receipt card, purchase of the additional return receipt card has only an evidentiary purpose, permitting the server to offer tangible proof of actual receipt. To the extent that it helps to obviate bad-faith objections to service, such a device is fully compatible with the statutory scheme.
*450 The undisputed failure to effect the mailings of the three-day demand and the notice of petition and petition by regular mail is a fatal defect as a matter of law. There is no triable factual question requiring a traverse hearing. Accordingly, this proceeding is dismissed. The other issues raised are academic.