■ In the Matter of Michael A. Rodelli, Sr., Respondent, v McArthur's, Inc., Appellant. [663 NYS2d 443] —White, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered November 13, 1996, which affirmed an order of the Justice Court of the Town of Marlborough denying respondent's motion to vacate a default judgment entered against it.

Petitioner commenced this summary proceeding in the Justice Court of the Town of Marlborough seeking to evict respondent from certain commercial premises located at 213 Old Indian Road in the Town of Marlborough, Ulster County, by affixing the notice of petition and petition on the entrance door of respondent's premises and sending a copy of the papers by certified mail to respondent's corporate headquarters and to the leased premises. These mailings were evidently never claimed by respondent. Following respondent's failure to appear in the proceeding, Justice Court rendered a default judgment in favor of petitioner and denied respondent's subsequent motion to vacate the default judgment. County Court affirmed Justice Court's order and this appeal by respondent ensued.

Respondent contends that petitioner failed to comply with the service requirements set forth in RPAPL 735 (1) and that this deprived Justice Court of personal jurisdiction over respondent, thereby warranting vacatur of the default judgment. In particular, respondent asserts that because the lease specified that notices were to be served upon respondent at its corporate headquarters, the conspicuous place service made by petitioner at the leased premises was ineffective. When personal or substituted service cannot be effectuated, RPAPL 735 (1) provides that service may be made: "by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; *and in addition * * * by mail-*

*ing to the respondent both by registered or certified mail and by regular first class mail"* (emphasis supplied).

Here, while petitioner complied with the certified mail requirement, there is no indication in the record that he also sent a copy of the papers to respondent by regular first class mail. As it is settled that jurisdiction is not acquired unless the statutory manner of service is strictly adhered to (*see, Feinstein v Bergner*, 48 NY2d 234, 241), petitioner's failure to fulfill the regular mailing requirement renders the judgment jurisdictionally defective (*see, Columbus Prop. v I S K S Realty Corp.*, 163 Misc 2d 446, 448-449; *see also*, de Winter and Loeb, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL 735, 1997 Pocket Part, at 109). Accordingly, it must be vacated (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:9, at 475-476).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.