Matter of Bump v Rutter (2022 NY Slip Op 03592)

Matter of Bump v Rutter

2022 NY Slip Op 03592

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

150 CA 21-00596

[*1]IN THE MATTER OF ROGER BUMP, PETITIONER-RESPONDENT,
v
BRITTANY M. RUTTER, RESPONDENT-APPELLANT. 

WELCH FIRM LLP, CORNING (GEORGE J. WELCH, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.
BRENNA BOYCE PLLC, ROCHESTER (ROBERT L. BRENNA, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an amended judgment (denominated amended decision and order) of the Steuben County Court (Chauncey J. Watches, J.), dated April 6, 2021. The amended judgment, among other things, ordered that a warrant for removal be issued. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously reversed on the law without costs, the petition is dismissed, and the amended warrant for removal is vacated.
Memorandum: In this summary proceeding pursuant to RPAPL 713 (3), respondent appeals from a judgment that granted petitioner's petition seeking to recover possession of certain real property and ordered that a warrant for removal be issued. We note at the outset that the judgment (denominated decision and order) from which respondent appeals was superseded by an amended judgment (denominated amended decision and order). In the exercise of our discretion, we treat the appeal as taken from the amended judgment (see CPLR 5520 [c]; Matter of Mikia H. [Monique K.], 78 AD3d 1575, 1575-1576 [4th Dept 2010], lv dismissed in part and denied in part 16 NY3d 760 [2011]; Wilder v Nickbert Inc., 254 AD2d 819, 819 [4th Dept 1998]), and we now reverse.
Under the RPAPL, a special proceeding may be maintained when the respondent "has intruded or squatted upon the property without the permission of the person entitled to possession and the occupancy has continued without permission or permission has been revoked and notice of the revocation given to the person to be removed" (RPAPL 713 [3]). "[A] defense that [the] petitioner is not a person entitled to possession of the property is properly maintainable in this type of proceeding" (Marrero v Escoto, 145 Misc 2d 974, 976 [App Term, 2d Dept 1990]). Here, we agree with respondent that County Court erred in granting the petition inasmuch as petitioner failed to establish that he was a person entitled to possession of the premises. Petitioner's own testimony established that the deed to the property that he purchased in 2019 specifically excluded "all of the tracts of, parcel of land owned in the town of Caton conveyed to Robert L. Rutter, Jr. by Warranty Deed," and respondent's proof established that the premises at issue was located on the land that had been conveyed to Robert Rutter, Jr. in the Town of Caton.
In light of our determination, we do not address respondent's remaining contention.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court